■ JENNIE BOWSER, Respondent, v WEST 125TH STREET THOM MCAN, INC., et al., Appellants. (And Other Actions.) [— NYS2d —] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 7, 1999, which denied defendants' respective motion and cross-motions for summary judgment dismissing the complaint and cross-claims as against them, unanimously reversed, on the law, without costs or

disbursements, and the motion and cross-motions granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint and cross-claims as against them.

Plaintiff's affidavit and pleadings to the effect that her slip and fall on ice on the sidewalk abutting defendants' property was caused by defendants' negligent removal of snow stands in stark contrast to her affidavit in a prior action against the City of New York arising out of the same accident, in which she averred that her accident was not caused by a condition of "a transient nature," but, rather, was solely a result of a structural design and/or construction defect in the sidewalk. In this action, commenced after the dismissal of the earlier action for failure to file a timely notice of claim, plaintiff asserts two theories of liability, i.e., negligence in the removal of snow from the particular area of the sidewalk and the configuration of the sidewalk, which, plaintiff alleges, constitutes a trap.

Plaintiff's submission, including evidence of sidewalk violations issued to prior owners of the two abutting premises at issue, and the testimony of plaintiff's witness to the effect that the sidewalk condition at issue was violative of the Administrative Code of the City of New York § 19-152, is insufficient to defeat summary judgment dismissing plaintiff's cause of action premised on the slope of the sidewalk. Section 19-152 (a) (5) places the responsibility for correcting an improper slope in a sidewalk on the abutting owner. According to plaintiff, the slope existed for at least 20 years. None of the violations listed with respect to the sidewalk were issued to the abutting owners or tenants, except for defendant F.W. Woolworth, a lessee of one of the subject premises. These violations, which, concededly, were discharged in 1992, approximately two or three years prior to the accident, do not yield the inference that any abutting owner or tenant repaired the sidewalk in question. All defendants, under oath, deny ever making any repairs to the sidewalk. Plaintiff failed to rebut these assertions by proof of the existence of permits issued to any of the defendants for such a repair or by other proof. Nor is there any other evidence that any of the defendants created the defect in the sidewalk.

The record contains evidence from each of the defendants that it has no record of any snow or ice removal at the time in question. Plaintiff's deposition testimony that, although she did not observe any snow or ice before the fall, she later noticed a thin sheet of ice on the ground, is contradicted by both her affidavit in the earlier action that the defect was not of "a transient nature" and her attorney's memorandum of law

which stated that this was not a "snow and ice" case and is insufficient to sustain that cause of action. Concur—Sullivan, P. J., Nardelli, Tom, Lerner and Andrias, JJ.